Kelly, J.
(concurring). While I agree with the conclusion reached by the majority, I write separately to state my disagreement with certain of the reasoning it employs. Whereas the majority articulates what would be legitimate purposes for adoption of the amendment, it completely ignores the evidence presented by plaintiffs. This evidence throws into *564 doubt whether the Legislature’s actual purpose was legitimate, as it has to be in order to conform with precedent from the United States Supreme Court.
The states cannot impose more onerous taxes or other burdens on foreign corporations than on domestic corporations, unless they bear a rational relation to a legitimate state purpose. Western & Southern Life Ins Co v State Bd of Equalization, 451 US 648, 667-668; 101 S Ct 2070; 68 L Ed 2d 514 (1981). A retaliatory tax act, like that in question, makes of foreign corporations a special classification of taxpayers.
In evaluating the constitutionality of a challenged classification, we must consider two separate issues. First, whether the statute in question advances a legitimate purpose and, second, whether, in passing it, the Legislature reasonably could have believed that the classification would promote that purpose. Id. at 668. Only after a legitimate purpose is ascertained does a rational relationship between the classification and purpose become relevant. See Metropolitan Life Ins Co v Ward, 470 US 869, 881; 105 S Ct 1676; 84 L Ed 2d 751 (1985).
While this two-step inquiry does not require that the Legislature articulate its purpose in forming the challenged classification, it does require that a conceivable or reasonable purpose exist. Nordlinger v Hahn, 505 US 1, 15; 112 S Ct 2326; 120 L Ed 2d 1 (1992). The United States Supreme Court rejected the proposition that promotion of domestic industry is always a legitimate purpose, reasoning that it “eviscerate[s] the Equal Protection Clause.” Metropolitan Life, supra at 882. The Court stated that, if this proposition were accepted, any discriminatory tax would *565 be upheld if it could be shown that it was reasonably “intended to benefit domestic business.” Id.
This appears to be the rationale used by the majority in upholding the amendment at issue. The majority does not discuss the evidence presented by plaintiffs or how this evidence is insufficient to overcome the presumption of the amendment’s constitutionality. Rather, it concludes that the purpose of the amendment may have been the same as the purpose stated in the underlying retaliatory tax act. That was to promote domestic insurers abroad, a permissible purpose.
It seems unlikely that was the Legislature’s purpose because, as stated by the majority, the amendment appeared when the Legislature discovered that retaliatory tax revenue was far less than expected. See ante at 552-553. If sufficient evidence had been presented by plaintiffs that the purpose was to cover the shortfall, the legitimate purposes opined by the majority would not necessarily carry the day.
Therefore, this Court should state explicitly that the rational basis test, while deferential, does not ensure that all taxation legislation will pass constitutional muster. In this case, plaintiffs presented evidence that employees from the Department of Management and Budget and the Department of Treasury advocated the amendment for a purpose that was impermissible. This evidence does not overcome the presumption of constitutionality because it does not explicitly demonstrate that the “classification is a hostile and oppressive discrimination.” Lehnhausen v Lake Shore Auto Parts Co, 410 US 356, 364; 93 S Ct 1001; 35 L Ed 2d 351 (1973). But this is not to say *566 that, in another case, the burden in overcoming the presumption of constitutionality cannot be met.
In failing to address this fact, it appears that the majority would uphold any classification, regardless of evidence demonstrating an actual improper purpose for it. The majority’s scant treatment of the evidence presented seems to eliminate any possibility of future litigants demonstrating an improper purpose for a challenged classification. It reduces the test for evaluating the constitutionality of a classification to no more than abstract judicial imaginings with little or no apparent basis in fact. Moreover, it elevates a plaintiff’s burden of proof to insurmountable heights. Such reasoning is contrary to the United States Supreme Court precedent of Western & Southern Life and Metropolitan Life.